**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:04CV-202-R**

**FREDERIC R. McBROOM**                                                                    **PLAINTIFF**

**v.**

**KENTUCKY LEAGUE OF CITIES INS. SERV.** *et al.*                              **DEFENDANTS**

**MEMORANDUM OPINION**

      The plaintiff, Frederic R. McBroom, filed a *pro se* complaint asserting claims under federal and state law and seeking damages and injunctive relief (DN 1). He also filed an application to proceed without prepayment of fees, which was granted by Order entered March 29, 2005 (DN 7). Because the plaintiff is proceeding *in forma pauperis*, the Court must *sua sponte* screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the § 1983 due process claims and all state law claims will proceed beyond initial review. All other claims will be dismissed.

**I. BACKGROUND AND SUMMARY OF CLAIMS**

      In the instant action, the plaintiff, a resident of Illinois, names eight defendants. Defendants Kentucky League of Cities Insurance Services ("KLC") and Underwriters Safety & Claims, Inc., ("Underwriters") are corporations incorporated under the laws of the State of Kentucky, with KLC having its principal place of business in Lexington, Kentucky, and Underwriters having its principal place of business in Louisville, Kentucky. At all relevant times in the complaint, Underwriters has acted as the authorized agent for KLC. Defendant Collins & Company Insurance Adjusters, Inc., ("Collins & Company") is a corporation incorporated under the laws of the State of Tennessee having its principal place of business in Chattanooga,

Tennessee. Collins & Company has an authorized agent in Mayfield, Kentucky, and at all relevant times in the complaint, it has acted as the authorized agent of KLC. Defendant LaJuana S. Wilcher is Secretary of the Environmental and Public Protection Cabinet with offices in Frankfort, Kentucky, and under "whose oversight the Department of Labor functions as an agency of State government." Defendant Phillip Anderson is Commissioner of the Department of Labor, an agency within the Environmental and Public Protection Cabinet. Defendant William P. Emrick is the Acting Executive Director of the Kentucky Department of Workers' Claims, "the agency . . . with the primary responsibility of administering the overall workers compensation program." Finally, the Commonwealth of Kentucky and Governor and Chief Executive Officer Ernie Fletcher are also named as defendants.

In the complaint, the plaintiff asserts various federal and state law violations which purportedly occurred following a work-related motor vehicle accident in Muhlenberg County, Kentucky, on August 23, 2002. According to the plaintiff,

> This action is brought to gain redress for breach of contract as a third-party beneficiary, pursuant to the provisions of Ky. Rev. Stat. Ann. §§ 342.001, 342.990, Workers' Compensation, seeking compensatory and punitive damages for such breaches committed by the defendant(s), for a permanent injunction against that agency of State government under whose authority it operates; the jurisdiction of this court is founded on 28 U.S.C. § 1343 (federal question). 42 U.S.C. § 1981, § 1983, § 1985, 18 U.S.C. § 241, § 242, 28 U.S.C. § 1443 (Civil Rights), 42 U.S.C. § 12101, 12117, 42. U.S.C. § 1213, 12150, 42 U.S.C. § 12201, 12213, of the <u>American with Disabilities Act</u>, and 29 U.S.C. 790 et seq., of the <u>Rehabilitation Act of 1973.</u>

*Id.* at ¶2. The plaintiff's complaint is nineteen pages in length and contains over ninety paragraphs of facts and allegations. The Court will not reiterate those here but will highlight pertinent facts and allegations where necessary in the discussion below.

## II. **LEGAL STANDARD**

Because the plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

This Court, however, is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III.  ANALYSIS

As noted above, the typewritten, single-spaced complaint is nineteen pages in length, contains over ninety paragraphs of facts and claims, and alleges numerous federal and state causes of action.  The general rules of pleading are contained in Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires, in pertinent part, "A pleading which sets forth a claim for relief, . . . shall contain . . . *a short and plain statement* of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2) (emphasis added).  The plaintiff's complaint fails to comply with Rule 8(a)'s pleading requirements, and the details in the complaint make it difficult to determine the exact nature of his claims and against whom they are made.  Nevertheless, given the plaintiff's *pro se* status, the Court will wade through the details and address the claims referenced therein.

### A.  18 U.S.C. §§ 241, 242

Sections 241 and 242 impose criminal liability for certain deprivations of civil rights.  Although the plaintiff references these statutes, he fails to identify who he contends violated these statutes and on what bases.  Nonetheless, to the extent that the plaintiff seeks civil remedies under §§ 241 and 242, such relief is unavailable.  These are criminal statutes which do not give rise to any private civil cause of action.  *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Leach v. Manning*, 105 F. Supp. 2d 707, 717 (E.D. Mich. 2000); *Willing v. Lake Orion Cmty. Sch. Bd. of Trs.*, 924 F. Supp. 815, 818 (E.D. Mich.1996); *Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).  Accordingly, the Title 18 claims must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. 42 U.S.C. § 1981

"It is now well established that . . . [section] 1981, prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). "[T]he racial discrimination prohibited by § 1981 includes intentional discrimination based solely on 'ancestry or ethnic characteristics.'" *Ana Leon T. v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987) (quoting *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). While replete of facts, the plaintiff's complaint is utterly devoid of any complaint of racial discrimination. And, despite his claim that he is disabled, § 1981 does not extend to discrimination based on disability. *Davies v. Polyscience, Inc.*, 126 F. Supp. 2d 391, 393 (E.D. Pa. 2001); *Duncan v. AT&T Communications, Inc.*, 668 F. Supp. 232, 235 (S.D.N.Y. 1987). The § 1981 claims must therefore be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. 42 U.S.C. § 1983[1]

The plaintiff alleges due process violations. He essentially contests the state's termination of workers' compensation benefits[2] as well as the insurers' failure to make payments

---

[1] The plaintiff asserts that jurisdiction is based in part on 28 U.S.C. §§ 1343 and 1443. While both statutes pertain to civil rights cases, § 1343 is the proper jurisdictional basis for the § 1983 claim. Section 1443 pertains to a defendant's removal of certain actions from state court, and such circumstances are not present here.

[2] The plaintiff claims that on or about October 29, 2002, the Commissioner for the Department of Workers' Claims informed him that his total temporary benefits had been terminated as of October 9, 2002. According to the plaintiff, "[t]his termination of benefit was in violation of 'procedural due process' which requires 'notice' and the right to a fair hearing [prior] to such deprivation." (DN 1, Compl., p. 6, ¶33). On September 22, 2003, he filed an "Application for Resolution of Injury Claims with the Department of Workers' Claims." *Id.* at p. 10, ¶59). He reports that documents kept disappearing from his claims file and that he filed a motion for change of hearing venue which was never ruled upon. *Id.* at pp. 10-15. Then, on July 12, 2004, the plaintiff received an order from the assigned administrative law judge "dismissing plaintiff's claim for adjudication under Kentucky's Department of Workers' Claims statutes." *Id.* at p. 14, ¶90. The plaintiff claims that this summary dismissal of benefits

5

for his medical treatment[3] without a notice and an opportunity to be heard.

As to the due process claim against the Commonwealth, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). Kentucky has not waived its immunity in this action, and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Thus, the § 1983 claim against the Commonwealth of Kentucky is barred by the Eleventh Amendment.

With respect to the four state government officials named as defendants, the plaintiff fails to specify in which capacity he seeks to sue those defendants. "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether defendants have been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). In the

---

was done "without regard for procedural and/or substantive due process." *Id.*

[3]For instance, the plaintiff alleges that Defendant Underwriters failed to comply with its fiduciary duties with respect to payments for injuries sustained on August 23, 2003. (DN 1, Compl., p. 11, ¶67). He also claims a "violation by Kentucky League of Cities Insurance Serv., and its agent, defendant Underwriters, failed in their fiduciary responsibilities to the plaintiff." *Id.* at pp. 12-13, ¶79. "Specifically, the untimely payment for services rendered, subjecting plaintiff to subrogation to the agency notified." *Id.* at p. 13, ¶79. The plaintiff further claims, "All too often, the compensation insurance companies will fight the injured employee's perfectly legitimate claim at every step of the supposed procedural <u>due process</u>." *Id.* at p. 2, ¶1. "Moreover," states the plaintiff, "it is this process which is most unconscionable due to the familial relationship existing between the state agency and the defendant insurance companies which demand the greatest scrutiny." *Id.*

present case, the complaint is devoid of any indication that the four state government officials have been sued in their individual capacities. Although "subsequent filings in a case may rectify deficiencies in the initial pleadings," *id.* at 774, there are no subsequent filings in this action. Thus, absent indication to the contrary, the Court must presume that the state defendants are being sued in their official capacities. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert denied*, 502 U.S. 883 (1991). Having made that determination, the Court advises that a suit against a state official in his official capacity for monetary damages is not a suit against the official but rather a suit against the state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). As a suit against the state, Eleventh Amendment immunity acts as a bar thereto. *Id.*

The § 1983 claims against the Commonwealth of the Kentucky and the monetary damages claims against the four state defendants in their official capacity must therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3)[4] for lack of subject matter jurisdiction. Despite dismissal of those claims, the Court, at this early stage in the litigation, will allow the due process claims to proceed against the governmental officials in their official capacities for equitable relief[5] and against the three named defendant insurers (KLC,

---

[4]Pursuant to Rule 12(h)(3), "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

[5]The plaintiff requests the following equitable relief:

Against defendant [Commonwealth of Kentucky, and its Department of Labor, and its Agency Department of Workers' Claims] a permanent injunction, barring defendant and its agency, Department of Workers' Claims, it officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, practices and omissions set forth above, and more specifically identified as Ky. Rev. Stat. Ann. §§ 342.001, 342.990, and that this Court requires Defendants to take such actions as will ensure lawful compliance with the United States Constitution, and its Amendments, and with the American with Disabilities Act of 1990 (42 U.S.C. § 1201 et. seq., 42 U.S.C. § 12131 et. seq., 42 U.S.C. § 1220 et. seq.), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 705 et. al., 29 C.F.R. § 32.1

Underwriters, and Collins and Company)[6] for damages.

### D. 42 U.S.C. § 1985

In the complaint, the plaintiff mentions a conspiracy on only one occasion. He identifies "COUNT V" as an "Unlawful Conspiracy," and he writes, "Defendant insurer and its agents have committed a chain conspiracy by denial of an obligation [supposedly] imposed by law, but which in fact is wholly [illusory] in its nature, made so, by the actions of an agency of State government, thereby rendering-said contract both [unenforceable], [egregious] and [immoral]."

While the plaintiff alleges a violation of 42 U.S.C. § 1985, he fails to specify under which of the three subsections he seeks relief. The Court will consider each. Section 1985(1) deals with conspiracies to interfere with the performance of official duties by federal officers, *Kush v. Rutledge*, 460 U.S. 719, 724 (1983), which the plaintiff has not alleged. Section 1985(2) pertains to conspiracies to interfere with the administration of justice in federal and state courts, *Kush v. Rutledge*, 460 U.S. at 724, which he has also not alleged.

Finally, § 1985(3) applies to conspiracies that interfere with "the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws' [] and [those

---

et. seq.).

(DN 1, Compl., pp. 18-19) (alterations in original). While this specific request for injunctive relief from the state defendants is not a model of clarity, the Court presumes the plaintiff seeks proper enforcement of the workers' compensation laws in compliance with the Due Process Clause of the Fourteenth Amendment.

[6]In allowing the due process claim to go forward against the insurers, the Court is *not* finding that those defendants are state actors as required under § 1983. This issue needs to be argued by the parties. The Court nonetheless notes that it is fully aware of the Supreme Court's thorough state action analysis in *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-58 (1999), and its conclusion that, with respect to Pennsylvania's Workers' Compensation Act, "an insurer's decision to withhold payment and seek utilization review of the reasonableness and necessity of particular medical treatment is not fairly attributable to the State." *Id.* at 58.

conspiracies that interfere with] the right to support candidates in federal elections." *Kush v. Rutledge*, 460 U.S. at 724. To prove a claim of conspiracy in violation of § 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or the deprivation of any right or privilege of the United States. *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997); *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995). "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Kush v. Rutledge*, 460 U.S. at 726 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

      Throughout the lengthy complaint, the plaintiff alleges numerous facts, but he fails to allege any facts demonstrating that any of the defendants developed or were involved in any plan of conspiracy or acted in furtherance of any conspiracy. And, although the plaintiff alleges a disability, § 1985(3) "does not cover claims based on disability-based discrimination or animus." *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000). Moreover, he fails to allege a class-based animus of any type on the part of the named defendants in this action.

      "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984) ("[E]ven in its most liberal construction, plaintiff's complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to

support a conspiracy theory."). The plaintiff's claim that there has been a conspiracy is wholly conclusory. As the plaintiff fails to plead with specificity a conspiracy among the defendants, the conspiracy claim must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. 42 U.S.C. §§ 12101, 12117, 12131, 12150, 12201, 12213 of the Americans with Disabilities Act

It is unclear against which defendant the plaintiff is bringing this claim and why. At one point in the complaint, he references Title I and IV of the Americans with Disabilities Act ("ADA"). Title I pertains to employment discrimination, but the plaintiff has not sued his employer.[7] He further fails to demonstrate exhaustion of administrative remedies prior to filing this ADA action in federal court. *See* 42 U.S.C. § 2000e-5(e)(1) and (f)(1); 42 U.S.C. § 12117(a) (indicating that procedures from § 2000e-5 apply to ADA claims); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) ("Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies.") (citations omitted).

Title IV of the ADA is entitled "Miscellaneous Provisions" and addresses miscellaneous issues such as construction of the ADA with other laws, attorney's fees, federal wilderness areas, alternative means of dispute resolution, and severability. *See* 42 U.S.C. §§ 12201-12213. The

---

[7]It is noted that in addition to not naming his employer as a defendant, the plaintiff further fails to allege that his employer terminated him or otherwise failed to accommodate him on the basis of his disability. Rather, he reports that he "resigned from his position at the McCracken County Public Library, citing his inability to continue in his current capacity due to medical complications related to the accident on August 23, 2002. (DN 1, Compl., p. 8, ¶45).

plaintiff does not specify how these provisions apply to the facts he has alleged.

As to the individual sections referenced by the plaintiff, sections 12101 and 12117 are within the Title I Employment section of the ADA.  Section 12101 is entitled "Findings and Purpose," and section 12117 is entitled "Enforcement."  Sections 12201 and 12213, are contained in Title IV, the Miscellaneous Provisions portion of the ADA.  Section 12201 pertains to the construction of the ADA to other laws, and section 12213 is the severability provision.  As mentioned above, the plaintiff has failed to demonstrate the applicability of either Title I or Title IV to the facts of the case.  The remaining sections referenced by the plaintiff are contained in Title II of the ADA, the Public Services portion of the Act.  Section 12131 is the "Definitions" section, and section 12150 is entitled "Interim accessibility requirements."  The plaintiff has also failed to allege facts demonstrating how these ADA provisions apply to his case.

The ADA claim must thus be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### F.  <u>29 U.S.C. § 790 *et seq.* of the Rehabilitation Act of 1973</u>

For the same reason this Court dismissed the ADA claim, the Court must dismiss the Rehabilitation Act ("RA") claim.  That is, the plaintiff has simply failed to allege facts upon which relief may be granted.  Section 790 to which the plaintiff first cites was repealed in October 1992, *see* Pub. L. 102-569, Title V, § 502(a), and is thus clearly inapplicable.

The only other occasion that the plaintiff references the RA is in the prayer for relief section of the complaint, wherein he references "Section 504 of the Rehabilitation Act of 1973

(29 U.S.C. § 705[8] et. al., 29 C.F.R. § 32.1[9] et. seq.)." (DN 1, Compl., p. 19). "[Section] 504 of the Rehabilitation Act, 29 U.S.C. § 794 (1994 ed. and Supp. V), [] prohibits discrimination against individuals with disabilities by recipients of federal financial assistance." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002). While the plaintiff alleges that he is disabled in his complaint, he fails to allege that any of the defendants discriminated against him for any reason, much less solely on the basis of his disability in violation of the RA.

The RA claim must therefore be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## G. State Law Claims

In the second page of the complaint, the plaintiff asserts, "This action is brought to gain redress for breach of contract as a third-party beneficiary, pursuant to the provisions of Ky. Rev. Stat. Ann. §§ 342.001, 342.990, Workers' Compensation. . . ." Then, beginning on page fifteen, the plaintiff cites to various state statutes, including Ky. Rev. Stat. Ann. §§ 342.020(1), 342.185(3), 342.700(4), 342.0011(2)(b), and he claims breach of contract, gross negligence, breach of duty, constructive fraud, unlawful conspiracy, legislative control of employer financial liability, extrinsic fraud, and judicial intervention. The Court will allow these claims to proceed beyond initial review.

---

[8] Section 705 is the "Definitions" section of the RA.

[9] Section 32.1 provides, "Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of handicap in any program or activity receiving Federal financial assistance. The purpose of this part is to implement section 504 with respect to programs or activities receiving or benefiting from Federal financial assistance from the Department of Labor."

The Court will enter a separate order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Attorney General, Commonwealth of Kentucky
4413.005