UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-202-R

FREDERIC R. MCBROOM                                              PLAINTIFF

v.

KENTUCKY LEAGUE OF CITIES INS. SERV., et al.                    DEFENDANTS

## MEMORANDUM OPINION

Defendants Governor Ernie Fletcher, LaJuana Wilcher, Philip Anderson, and William Emrick (collectively, the "Government Defendants") have filed a Motion to Dismiss (Dkt. # 10). Defendants Kentucky League of Cities Insurance Service ("Kentucky League of Cities"), Underwriters Safety and Claims, Inc., and Collins and Company, Inc. (collectively, the "Insurance Company Defendants") have also filed a motion to dismiss (Dkt. # 25). Plaintiff McBroom responded (Dkt. # 33), and Defendants replied (Dkt. Nos. 36 and 37). Also, Plaintiff filed a Motion for Leave to Add Parties (Dkt. 32). Defendants responded (Dkt. Nos. 34 and 35). For the reasons given below, Defendant's motions are **GRANTED** and Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff McBroom was employed at the McCracken County Public Library in Paducah, Kentucky. On August 23, 2002, he was injured in a motor vehicle accident, suffering broken ribs, a collapsed lung, and various other bruises and strains. At the time of the accident, Plaintiff was traveling from Bowling Green, Kentucky with his supervisor, where they had attended a

1

training seminar.  He was taken to an emergency room in Greenville, Kentucky, and ultimately

was transferred to the Regional Medical Center in Madisonville where he was treated until

August 29, 2002.  About six weeks later, on October 9, 2002, he returned to work with no

restrictions on his activities and no permanent impairment rating.  Plaintiff's workers'

compensation carrier, Kentucky League of Cities, paid over $13,000.00 in Plaintiff's medical

bills.  Plaintiff also received temporary total disability benefits from September 9 through

October 21, 2002.  Approximately one year later, Mr. McBroom filed an Application for

Resolution of Injury Claim with the Department of Workers' Claims.  On July 12, 2004, his

claim was dismissed with prejudice by the administrative law judge assigned to the case.  He did

not file a petition seeking reconsideration of that decision or an appeal of the decision.

Nevertheless, on October 8, 2004, Mr. McBroom filed, *pro se*, a complaint in this Court

naming as defendants the Insurance Defendants and the Government Defendants.  It contains ten

counts: (1) breach of contract; (2) gross negligence; (3) breach of duty; (4) constructive fraud;

(5) unlawful conspiracy; (6) significant state involvement; (7) legislative control of employer

financial liability; (8) extrinsic fraud; (9) judicial intervention (state); and (10) judicial

intervention (federal).  Because Mr. McBroom has failed to allege facts sufficient to state a claim

on any of these counts, his complaint must be dismissed and his motion to add parties denied.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the district court must accept all of the allegations in the complaint as true, and

construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*,

2

188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v.

Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact

will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir.

2002). A "complaint must contain either direct or inferential allegations respecting all the

material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104

F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.

1993)).

## ANALYSIS

As an initial matter, the Court notes that it is extremely doubtful that it has jurisdiction

over the "claims" set forth in Mr. McBroom's Complaint, since the counts almost all appear to

arise out of the Kentucky Workers' Compensation Act in spite of the laundry list of federal

statutes in the paragraph entitled "Cause of Action and Jurisdiction." However, out of an

abundance of caution and especially because Plaintiff is proceeding *pro se*, the Court will

examine the various counts. Because the claims as alleged in Plaintiff's Complaint are difficult

to understand, the Court will simply address each count of the Complaint individually.

### Count I

Count I of Plaintiff's Complaint is entitled "Breach of Contract" and quotes a portion of

KRS § 342.020(1), part of the Kentucky Workers' Compensation Act ("Act"). That subsection

3

provides, in relevant part:

> In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease. The employer's obligation to pay the benefits specified in this section shall continue for so long as the employee is disabled regardless of the duration of the employee's income benefits.

Plaintiff also makes reference to paragraphs 17-20 of his Complaint, in which he alleges facts relating to the accident and his initial treatment for injuries sustained in it.  In light of the fact that Kentucky League of Cities apparently paid medical expenses and TTD during the time he was unable to work, the Court finds that, even if there were a private right of action available to enforce this provision, Plaintiff has not alleged facts sufficient to support such a claim.

**Count II**

This Count is entitled "Gross Negligence" and makes reference to KRS § 342.185(3). Although there is no subsection (3) to this provision, the Court notes that the provision requires a claimant under the Act to give notice to an employer within a certain time period in order to proceed with a claim.  Nothing in the provision suggests that it creates a right to make a claim for "Gross Negligence" under the act.

**Count III**

This Count is entitled "Breach of Duty" and contains an incomplete reference to the Act. The Court believes Mr. McBroom meant to reference KRS § 342.020, which contains the language quoted in the Complaint:

> The employer, insurer, or payment obligor acting on behalf of the employer, shall make all payments for services rendered to an employee directly to the provider of the services within thirty (30) days of receipt of a statement for services. The executive director shall

4

promulgate administrative regulations establishing conditions under which the thirty (30) day period for payment may be tolled. The provider of medical services shall submit the statement for services within forty-five (45) days of the day treatment is initiated and every forty-five (45) days thereafter, if appropriate, as long as medical services are rendered.

The Court does not believe, and Mr. McBroom does not allege, that a violation of this provision (if there was one) would give rise to an independent cause of action in federal court to enforce it. The Act sets forth a specific complaint procedure that Mr. McBroom should have used if he felt there was a delay in the receipt of his payments.  In fact, the evidence indicates that Mr. McBroom knew about this procedure and filed a complaint, but that he never submitted any proof, nor did he appear at the hearing when it was scheduled (or ask for it to be rescheduled for health reasons if that in fact prevented his appearance).

**Count IV**

This Count is entitled "Constructive Fraud" and appears to allege that the Insurance Defendants committed fraud.  "In complying with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *U.S. ex rel. Bledsoe v. Cmty Health Sys., Inc.,* 342 F.3d 634, 643 (6th Cir.2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993)).  Plaintiff has certainly not plead fraud with the particularity required.

**Count V**

This Count is entitled "Unlawful Conspiracy" but makes no reference to any law supporting such a claim.  Plaintiff simply alleges that "Defendant insurer and its agents have committed a chain conspiracy by denial [*sic*] of an obligation ... rendering-said [*sic*] contract

5

both [*sic*] unenforceable, egregious and immoral." (Emphasis removed.)  The Court cannot find in this statement a cognizable claim of any kind.

**Count VI**

This Count is entitled "Significant State Involvement" and alleges a "denial of due process" apparently wherein all defendants "acted in concert to deprive the plaintiff of his Constitutional guarantees, i.e., Life [*sic*], liberty, and property."  As discussed above, the Act provides a set, constitutional procedure for adjudicating claims arising thereunder; that Plaintiff chose not to avail himself fully of those procedures does not constitute a due process violation.

**Count VIII**

This Count is entitled "Extrinsic Fraud" and makes reference to KRS §342.0011(2)(b).  It appears that there is no subsection (b) to numeral (2) of this provision.  In fact, KRS § 342.0011 includes the definitions to be used in the rest of the Act.  No cause of action appears to arise out of any subsection of 342.0011.  Plaintiff's reference to the Fourteenth Amendment seems irrelevant.

**Count IX and X**

These two counts, entitled "Judicial Intervention [State]" and "Judicial Intervention [Federal] are unclear.  They appear to suggest that the Plaintiff seeks the creation of a private right of action.  This Court, of course, could not do so on behalf of the Supreme Court of Kentucky.  The "Federal" count makes mention of the Americans with Disabilities Act ("ADA"), though it is unclear what relevance, if any, the ADA has to Plaintiff's claim.  Neither of these counts give rise to a cause of action.

The Court found interpreting Mr. McBroom's Complaint extremely difficult due to its

vagueness.  Even if the Court had jurisdiction over a claim arising out of this Complaint, no such claims appear.  Other than dissatisfaction with the results of his workers' compensation claim it is difficult to understand the basis for Plaintiff's claims.  His remedy, if any, was by appealing the workers' compensation decision or availing himself of the other remedies set forth in the Kentucky Workers' Compensation Act.  He has not asserted facts sufficient to sustain any of the claims, as attempted to be interpreted by the Court, set forth in this action.  Therefore, the claims themselves should be dismissed, and allowing Plaintiff to add parties would not change this outcome.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Add Parties is **DENIED**.  Defendants' Motions to Dismiss are **GRANTED**. An appropriate order shall issue.